IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Nos. 5:14-CR-124-1FL
5:16-CV-730-FL

| | |
|---|---|
| FRANCISCO ARROLLO-SILVA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court for consideration of Petitioner's 28 U.S.C. § 2255 motion to vacate filed on August 8, 2016 [DE #58]. The government has moved to dismiss [DE #64] for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), and Petitioner has responded [DE #67]. This matter has been referred to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and the Rules Governing Section 2255 Proceedings. For the reasons stated herein, it is recommended that the government's motion be granted and that Petitioner's claims be dismissed for failure to state a claim.

## STATEMENT OF THE CASE

On August 14, 2014, Petitioner pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846, and one count of engaging in a monetary transaction in property derived from specified unlawful activities, in violation of 18 U.S.C § 1956(a)(1)(B)(i). On August 11, 2015, the court sentenced Petitioner to concurrent

142-month imprisonment terms. Pursuant to a written plea agreement, Petitioner waived his right to direct appeal and to raise any post-conviction challenge under 28 U.S.C. § 2255 except for that based on ineffective assistance of counsel or malicious prosecution. (Plea Agt. [DE #17] at 1-2.) Petitioner now moves to vacate his sentence pursuant to 28 U.S.C. § 2255 on the basis of ineffective assistance of counsel.

## DISCUSSION

### I. Petitioner's Claims

Petitioner asserts the following four claims of ineffective assistance of counsel: (1) Petitioner's trial counsel was ineffective for failing to argue that the two-level enhancement under U.S.S.G. § 2S1.1(b)(2)(B) violated the Double Jeopardy Clause because Petitioner also pleaded guilty to violating 18 U.S.C §1956; (2) Petitioner's trial counsel was ineffective for failing to object to the two-level enhancement under U.S.S.G. § 2D1.1(b)(12) for maintaining a premises for the purpose of manufacturing or distributing a controlled substance; (3) Petitioner's trial counsel was ineffective by failing to argue that Petitioner's offense level should be reduced based on a mitigating or minor role pursuant to U.S.S.G. § 3B1.2; and (4) Petitioner's trial counsel was ineffective for failing to argue that Petitioner's sentence should be reduced by six months because he is a deportable alien and thus ineligible to serve the final six months of his sentence in community custody. Thus, he requests that the court vacate his sentence and remand his case for resentencing.

## II. Ineffective Assistance of Counsel

To establish ineffective assistance of counsel, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The reasonableness of counsel's performance must be judged according to the specific facts of the case at the time of counsel's conduct. *Id.* at 690. Additionally, a petitioner must show he was prejudiced by his attorney's ineffectiveness. *Id.* at 694. In the context of a plea, a petitioner "must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The right to effective assistance extends through sentencing, *United States v. Breckenridge*, 93 F.3d 132, 135 (4th Cir. 1996), and proof of ineffective assistance at sentencing in noncapital cases requires "showing that the defendant received a greater sentence than he would have, but for counsel's unprofessional errors," *Burgess v. United States*, Nos. 7:12-CR-19-1FL & 7:13-CV-277-FL, 2015 WL 11234132, at *6 (E.D.N.C. July 16, 2015) (citing *Glover v. United States*, 531 U.S. 198, 204 (2001)), *appeal dismissed*, 628 F. App'x 190 (4th Cir. 2016) (per curiam) (mem.). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance, and the petitioner bears the burden of demonstrating that counsel's assistance was neither reasonable nor the product of sound strategy. *Strickland*, 466 U.S. at 689.

A.  U.S.S.G. § 2S1.1(b)(2)(B) Enhancement

Petitioner contends that his trial counsel was ineffective for failing to argue against a two-level, specific-offense-characteristic adjustment that was applied to Petitioner's offense level pursuant to U.S.S.G. § 2S1.1(b)(2)(B). This provision requires a two-level increase for a money laundering offense if the defendant was also convicted of a drug conspiracy under 18 U.S.C. § 1956. Put more simply, if a defendant is convicted of related money laundering and drug conspiracy offenses, the offense level for the money laundering conviction is increased to account for the fact that the laundering occurred in relation to the drug conspiracy.

As a preliminary matter, Petitioner insists that his objection to the § 2S1.1(b)(2)(B) increase is grounded in the Double Jeopardy Clause of the Eighth Amendment, not a double-counting objection to the Guidelines. (Pet'r's Resp. Mot. Dismiss [DE #67] at 1-2.) Under *Blockburger v. United States*, "[a] single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." 284 U.S. 299, 304 (1932) (quoting *Morey v. Commonwealth*, 108 Mass. 433, 434 (1871)) (internal quotation marks omitted). Here, the money laundering and drug distribution conspiracy convictions are separate offenses under *Blockburger*.[1] Thus, Petitioner's Double Jeopardy argument is meritless.

---

[1] Petitioner's argument could also be interpreted as a Double Jeopardy/Due Process-based objection to aggravating factor or recidivist adjustments based on multiple convictions in the Guidelines. To the extent it is, it runs afoul of *Williams v.*

4

The government construed Petitioner's argument as a double-counting objection (Gov't Mem. Supp. Mot. Dismiss [DE #65] at 4), and that argument has some logical appeal. But "[t]he Sentencing Commission plainly understands the concept of double counting, and expressly forbids it where it is not intended." *United States v. Schaal*, 340 F.3d 196, 198 (4th Cir. 2003) (alteration in original) (quoting *United States v. Williams*, 954 F.2d 204, 208 (4th Cir. 1992)). Unless the Guidelines expressly exclude an adjustment, the adjustment must be applied.[2] *Id.* Here, U.S.S.G. § 2S1.1(b)(2)(B) straightforwardly applies to Petitioner's offense level calculation. Absent instruction from the Sentencing Commission stating otherwise, any double-counting involved in U.S.S.G. § 2S1.1(b)(2)(B) is permitted. Therefore, Petitioner cannot show that his attorney's failure to object to this enhancement was professionally deficient. Petitioner's assignment of error in this regard should be dismissed for failure to state a claim.

B.   U.S.S.G. § 2D1.1(b)(12) Enhancement

Petitioner contends that his attorney was ineffective by failing to argue that his conduct did not satisfy the possessory interest "element" or "prong" of U.S.S.G.

---

*Oklahoma*, 358 U.S. 576, 586 (1959). *See Witte v. United States*, 515 U.S. 389, 399 (1995) (summarizing *Williams*' holding as "the use of evidence of related criminal conduct to enhance a defendant's sentence for a separate crime within the authorized statutory limits does not constitute punishment for that conduct within the meaning of the Double Jeopardy Clause").

[2] Petitioner's own reference (Pet'r's Mem. Supp. Mot. Vac. [DE #58-1] at 4) to the Sentencing Commission's decision to reject application of a weapons enhancement in the context of U.S.S.G. § 2K2.4 proves the rule. There, the Commission explained in detail its rationale for avoiding double-counting in the context of interrelated drug and gun offenses. *See* U.S.S.G. § 2K2.4 cmt. n.4 (2016).

§ 2D1.1(b)(12). (Pet'r's Mem. Supp. Mot. Vac. at 5-6; Pet'r's Resp. Mot. Dismiss at 2-3.) Petitioner misconstrues § 2D1.1(b)(12), though. As a starting point, § 2D1.1(b)(12) contains no possessory interest element; the text to which Petitioner refers is in Application Note 17. *See* U.S.S.G. § 2D1.1(b)(12) cmt. n.17 (2014). As the government correctly notes in its reply, the commentary to § 2D1.1(b)(12) does not restrict application of that enhancement to situations where the defendant had a possessory interest in a premises. (Gov't Mem. Supp. Mot. Dismiss at 5.) The Fourth Circuit has affirmed applications of § 2D1.1(b)(12) when a defendant neither owned nor rented the premises in question. *United States v. Clark*, 665 F. App'x 298, 302-04 (4th Cir. 2016) (per curiam) (unpublished); *United States v. Christian*, 544 F. App'x 188, 191 (4th Cir. 2013) (per curiam) (unpublished). In such situations, the relevant inquiry is whether the defendant controlled or maintained the premises. *See Clark*, 665 F. App'x at 303.

Here, Petitioner's argument depends on his claim that the government did not prove that he owned or rented the "stash house" in question. (Pet'r's Resp. Mot. Dismiss at 2.) Because application of § 2D1.1(b)(12) does not depend upon proof of a possessory interest in the premises, defense counsel did not act unreasonably in failing to raise that issue.

Moreover, Petitioner has failed to allege sufficient facts to demonstrate he was prejudiced as a result of defense counsel's conduct. An examination of defense counsel's performance, as a whole, reveals that counsel zealously represented Petitioner throughout the proceedings. First, and foremost, counsel negotiated a plea

6

to a criminal information which included a stipulation that Petitioner was accountable for less than 50 kilograms of cocaine. Despite evidence suggesting that Petitioner was conservatively accountable for over 113 kilograms of cocaine based upon his involvement in the drug conspiracy, the court ultimately accepted the parties' stipulation to the lesser amount, thereby reducing Petitioner's base offense level from 36 to 32.

Petitioner's attorney also succeeded in arguing against a two-level supervisory role enhancement pursuant to § 3B1.1(c) (Pet'r's Sent. Mem. [DE #44] at 1-3; Sent. Tr. [DE #57] at 10-13) and fended off the government's intimation that Petitioner did not fully cooperate with the terms of his plea agreement, which could have put Petitioner's three-level decrease for acceptance of responsibility in question (Sent. Tr. at 24). The court considered, but declined to exercise, its discretion to depart below the advisory guideline range of 135 to 168 months, sentencing Petitioner to 142 months' imprisonment on each count, to be served concurrently. Before imposing sentence, the court noted the "great amount of drugs" involved and that Petitioner had received "the benefit of some lenient treatment . . . already." (*Id.* at 27-28.) Based on defense counsel's advocacy and the sentencing court's findings about the contested offense levels, Petitioner has not met his burden to show that but for counsel's performance he would have received a lower sentence.

C.    U.S.S.G. § 3B1.2 Reduction

Petitioner contends that his attorney provided ineffective assistance by failing to argue that Petitioner should have received a downward adjustment based on his

7

minor or mitigating role pursuant to U.S.S.G. § 3B1.2. The Presentence Investigation Report prepared by the U.S. Probation Office assigned Petitioner a two-level enhancement based on a supervisory role in the drug conspiracy. (PSR [DE #40] ¶ 60 at 13.) Defense counsel objected to this enhancement (Pet'r's Sent. Mem. at 2-3), and following arguments the court ultimately agreed that the supervisory role enhancement was not warranted (Sent. Tr. at 12).

Petitioner contends that if his attorney had argued, consistent with Guidelines Amendment 794 that went into effect in November 2015, that "he [was] less culpable than other defendants in the conspiracy to which he pleaded guilty," then he "may" have received a mitigating or minor role reduction. (Pet'r's Mem. Supp. Mot. Vac. at 8.) Amendment 794 resolved a circuit split regarding § 3B1.2, and its commentary advises a court to "[f]ocus[] [its] attention on the individual defendant and the other participants" rather than on a hypothetical average participant. *See* U.S.S.G. supp. app. C, Amend. 794, at 116 (2016).

Preliminarily, Petitioner has not sufficiently pleaded an ineffective assistance claim because the possibility that Petitioner "may" have received a more lenient sentence does not meet *Strickland*'s prejudice requirement. Even if defense counsel had made the argument that Petitioner now urges, Petitioner has not shown there is a reasonable probability he would have persuaded the court to impose a lesser sentence. The court already emphasized that Petitioner had received some "lenient treatment" pertaining to the drug weight used to determine his base offense level and the removal of a two-level enhancement for Petitioner's role in the offense. (Sent. Tr.

8

at 28.) Petitioner's role in the offense had been thoroughly considered by the court in the context of § 3B1.1. Moreover, the commentary to § 3B1.2, both before and after Amendment 794, contains the same language – that a defendant who is "*substantially* less culpable than the average participant" may receive a reduction pursuant to § 3B1.2. *Compare* U.S.S.G. § 3B1.2 cmt. n.3 (2014) *with* U.S.S.G. § 3B1.2 cmt. n.3 (2016) (emphasis added). The evidence in the record does not support a finding that Petitioner was *substantially* less culpable than the other participants in the conspiracy to which he pleaded guilty. Therefore, Petitioner can show neither that defense counsel's decision to not pursue a § 3B1.2 reduction was professionally deficient nor that his attorney's decision was prejudicial to him.

### D.    Deportation

Finally, Petitioner contends that defense counsel provided ineffective assistance by failing to argue for a six-month reduction on Petitioner's imprisonment term because he is ineligible for community release due to his immigration status. Petitioner's request is speculative and does not show that he would have had a reasonable probability of a different sentence had his attorney made this argument.

As described above, defense counsel had already obtained several favorable reductions to Petitioner's offense-level calculation. Defense counsel then argued for a statutory minimum, below-Guidelines sentence. (Sent. Tr. at 16-17.) The court imposed a sentence "at the lower end of the [advisory guideline] range" given that it was Petitioner's "first extended exposure to incarceration" and upon determining that "a sentence of that length . . . promotes respect for the law and will discourage this

9

type of conduct, will protect the public." (*Id.* at 29-30.) Petitioner alleges no facts to suggest that the court would have reduced his sentence by six months merely because he is ineligible for an early release that citizen defendants may, but not necessarily will, receive. Therefore, Petitioner can show neither that his attorney was deficient for failing to request this six-month reduction nor that there was a reasonable probability that the court would have granted that request.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that the government's Motion to Dismiss [DE #64] be GRANTED and Petitioner's Motion to Vacate [DE #58] be DISMISSED for failure to state a claim upon which relief can be granted.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on the parties. The parties are hereby advised as follows:

You shall have until **May 1, 2017,** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C. If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and

Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. See Wright v. Collins, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 13th day of April 2017.

_____
KIMBERLY A. SWANK
United States Magistrate Judge